Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MIAMI HOME, LLC,

                         Plaintiff,

            -against-                             VERIFIED COMPLAINT

SALMA AHMED, SHAH ALAM, CRIMINAL COURT
OF THE CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF TRANSPORTATION PARKING
VIOLATIONS BUREAU, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, TRANSIT
ADJUDICATION BUREAU,
                        Defendant(s).
---------------------------------------------------------------------X

      Plaintiff, Miami Home LLC ("Miami Home" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Salma Ahmed, Shah Alam, Criminal Court of The City of New York, City of New York Department of Transportation Parking Violations Bureau, City of New York Environmental Control Board, and Transit Adjudication Bureau (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 33-52 59th Street, Woodside, New York 11377 known on the Queens County Tax Map as

Block: 1182 Lot: 64 in the County of Queens and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Miami Home LLC is a limited liability company organized under the laws of the State of Delaware. Miami Home LLC is a single member limited liability company, whose sole member is a citizen of the Kingdom of Morocco. Said member is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purposes of diversity, Miami Home LLC is a citizen of Florida.

3. Salma Ahmed, upon information and belief, is a resident and citizen of the State of New York, having an address at 33-52 59th Street, Woodside, New York 11377. Salma Ahmed is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. Shah Alam upon information and belief, is a resident and citizen of the State of New York, having an address at 33-52 59th Street, Woodside, New York 11377. Shah Alam is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Mortgage (as such terms are defined below); and (ii) is the Mortgagor under the Mortgage.

5. Criminal Court of The City of New York, upon information and belief, having the address of 125-01 Queens Blvd., Queens, NY, 11415, is a necessary party defendant by virtue of it having Queens County Court judgment(s) or lien(s) against the Subject Property and/or Borrower(s), which are subordinate to Plaintiff's Mortgage. See liens at Exhibit "F".

6. City of New York Department of Transportation Parking Violations Bureau, upon information and belief, operates as an administrative tribunal of the City of New York with its principal place of business located at 100 Church Street, New York, NY 10007. It is a necessary party defendant by virtue of it having filed lien(s) or judgment(s) against the borrower(s) and/or Subject Property, which are subordinate for Plaintiff's Mortgage. See liens at Exhibit "F".

7. New York City Environmental Control Board, upon information and belief, operates as an administrative tribunal of the City of New York with its principal place of business located at 1250 Broadway, 7th Floor, New York, NY 10001. It is a necessary party defendant by virtue of it having filed lien(s) or judgment(s) against the borrower(s) and/or Subject Property, which are subordinate for Plaintiff's Mortgage. See liens at Exhibit "F".

8. Transit Adjudication Bureau, upon information and belief, operates as an administrative tribunal of the City of New York with its principal place of business located at 29 Gallatin Place, Brooklyn, New York 11201. It is a necessary party defendant by virtue of it having filed lien(s) or judgment(s) against the borrower(s) and/or Subject Property, which are subordinate for Plaintiff's Mortgage. See liens at Exhibit "F".

9. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

10. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

11. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

12. This action is brought to foreclose a mortgage made by Salma Ahmed and Shah Alam set out as follows: Mortgage dated January 24, 2007, made by Salma Ahmed and Shah Alam to National City Bank to secure the sum of $320,000.00 and interest, recorded in CRFN: 2007000244515 in the City Register of the City of New York for the County of Queens on May 10, 2007. Said lien covers premises known as 33-52 59th Street, Woodside, NY 11377. A copy of the Mortgage is annexed as Exhibit "B".

13. On January 24, 2007, Salma Ahmed executed and delivered a Note to National City Bank in the amount of $320,000.00. A copy of the Note with Allonges is annexed as Exhibit "C".

14. On or about September 17, 2019, Salma Ahmed and Shah Alam entered into a written Loan Modification Agreement with Plaintiff's predecessor-in-interest whereby Ahmed and Alam reaffirmed their obligations under the loan documents, in which the new unpaid principal balance was modified to the amount of $515,000.00 (the "Modification Agreement"). The terms of the repayment were also modified. A copy of the Modification Agreement is annexed hereto as Exhibit "G".

15. The Mortgage was assigned by Assignments of Mortgage as follows:

   a. **Assignor:** National City Bank
      **Assignee:** 20 CAP Fund I, LLC.
      **Dated:** April 21, 2011 **Recorded:** October 3, 2017
      CRFN 2017000366768

   b. **Assignor:** 20 CAP Fund I, LLC.
      **Assignee:** Miss Jones LLC
      **Dated:** July 25, 2017 **Recorded:** October 3, 2017

CRFN 2017000366769

   c. **Assignor:** Miss Jones, LLC
      **Assignee:** Miami Home LLC
      **Dated:** March 15, 2022 **Recorded:** Sent for recording

Copies of the Assignments of Mortgage are annexed hereto as Exhibit "D", respectively.

16. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

17. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

18. Salma Ahmed and Shah Alam have failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of March, 2020 and the default continues to date.

19. Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on October 30, 2020 to Salma Ahmed and Shah Alam (the "Default Notice") advising of possible acceleration of the loan and that by virtue of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on October 30, 2020, to Salma Ahmed and Shah Alam. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notice and 90-day notice with proof of mailing and registration are annexed hereto as Exhibit "E".

20. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

21. As of the date herein, Salma Ahmed and Shah Alam have failed to respond to the Default Notices.

22. Due to the above-described default, Defendants Salma Ahmed and Shah Alam are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of February 28, 2022, amounts to $555,567.04;

    b. Attorney's fees and other costs and disbursements, payable to Miami Home LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

23. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

24. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

25. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

26. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, except for a prior action in this Court, which was discontinued without prejudice as a result of the Modification Agreement.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff

pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendants Salma Ahmed and Shah Alam may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: March 23, 2022
      Syosset, New York

              Yours, etc.
              The Margolin & Weinreb Law Group, LLP
              Attorneys for Plaintiff

              By: /s/ Alan H. Weinreb
                   Alan H. Weinreb, Esq.
                   165 Eileen Way, Suite 101
                   Syosset, New York 11791
                   Telephone (516) 945-6055
                   alan@nyfclaw.com

## **VERIFICATION BY ATTORNEY**

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: March 23, 2022
       Syosset, New York

                                    /s/ Alan H. Weinreb
                                **ALAN H. WEINREB**