UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MIAMI HOME, LLC,

                      Plaintiff,

   -against-                                REPORT AND RECOMMENDATION

SALMA AHMED, SHAH ALAM, CRIMINAL
COURT OF THE CITY OF NEW YORK,             No. 22-CV-1607-FB-JRC
CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS
BUREAU, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and
TRANSIT ADJUDICATION BUREAU,

                      Defendants.
----------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

        Plaintiff Miami Home LLC ("plaintiff") brings this foreclosure action against defendants Salma Ahmed ("Ahmed"), Shah Alam ("Alam"), the Criminal Court of the City of New York ("Criminal Court"), City of New York Department of Transportation Parking Violations Bureau ("PVB"), City of New York Environmental Control Board ("ECB"), and Transit Adjudication Bureau ("TAB")[1] (collectively, "defendants"), pursuant to New York's Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq*. *See* Compl. ¶ 1. Plaintiff seeks damages and a judgment of foreclosure and sale. *Id.* at 7-8 (Wherefore Clause); [Proposed] Judgment of Foreclosure and Sale, Dkt. 17-3; *see generally* Mem. of Law in Support of Pl.'s Mot. for Default [Judgment] of Foreclosure and Sale ("Pl.'s Mem."), Dkt. 17-2. Upon plaintiff's application and in light of Defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendants' default on May 2, 2022. Dkt. 16. Plaintiff now moves for default

---

[1] Ahmed and Alam are referred to collectively as "Borrowers." The Criminal Court, PVB, ECB, and TAB are referred to collectively as "City defendants."

judgment. *See generally* Mot. for Default J., Dkt. 17.

Currently pending before this Court, on a referral from the Honorable Frederic Block, is plaintiff's motion for default judgment. *See* Order Referring Motion dated May 4, 2022. For the reasons set forth below, this Court respectfully recommends **granting** plaintiff's motion as to the Borrowers (Ahmed and Alam), but **denying** the motion as to the City defendants.

**Relevant Factual and Procedural Background**

The following facts are drawn from plaintiff's Complaint, supporting affidavit, and accompanying exhibits, and are accepted as true for purposes of this motion. *See* Dkts. 1, 17.

Plaintiff brought this diversity action to foreclose on a mortgage encumbering 33-52 59th Street, Woodside, New York 11377 in Queens County (the "Property"). *See* Compl. ¶ 1. Plaintiff is a limited liability company organized under the laws of the State of Delaware, with its sole member domiciled in the State of Florida. *Id*. ¶ 2. Defendants Ahmed and Alam are both citizens of New York. *Id*. ¶¶ 3-4. Defendants the Criminal Court, PVB, ECB, and TAB exist under the laws of New York and their principal place of business is located in New York. *Id*. ¶¶ 3-8.

On January 24, 2007, Ahmed and Alam entered into a Mortgage with National City Bank to secure a loan of $320,000. *See* Compl. ¶ 12; Dkt. 1-1 at ECF[2] pages 4-11 (Mortgage). The lien covered the at-issue Property. *Id*. On January 24, 2007, Ahmed executed and delivered a Note in the amount of $320,000 to National City Bank. *See* Compl. ¶ 13; Dkt. 1-1 at ECF pages 13-21 (Note). The Mortgage was subsequently modified by a Loan Modification Agreement dated on or about September 17, 2019 ("Loan Modification Agreement"), to reflect a modified

---

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

principal balance of $515,000.  *See* Compl. ¶¶ 14,15; Dkt. 1-1 at ECF pages 61-66 (Loan Modification Agreement).  The Mortgage went through a series of assignments resulting in an assignment of the Mortgage, as modified by the Loan Modification Agreement, to plaintiff on March 15, 2022.  *See* Compl. ¶ 15; Dkt. 1-1 at ECF pages 23-27 ("Assignments").

Under the Loan Modification Agreement, Ahmed and Alam were obligated to make monthly interest-only payments and escrow (taxes and insurance) payments totaling $1,609.38 for a period of 12 months starting on November 1, 2019.  *See* Loan Modification Agreement, at ECF page 62.  These payments did not reduce the amount of principal owed on the loan.  *Id*.

Under the Mortgage, if Ahmed and Alam failed to make a payment when due, they would be in default.  *See* Mortgage, Dkt. 1-1 at ECF page 9 at ¶ 8; *see also* Note, Dkt. 1-1 at ECF page 15.  In the event of default, the Note Holder could exercise the right to force immediate payment of the full amount of the remaining principal, all accrued interest, and reasonable attorneys' fees and costs incurred.  *Id.*

Plaintiff alleges that Ahmed and Alam defaulted under the Mortgage, as amended by the Loan Modification Agreement, by failing to make the required monthly payments beginning March 1, 2020.  *See* Compl. ¶ 18.

Plaintiff issued a 30-day notice to cure in accordance with the contractual provisions in the loan documents to Ahmed and Alam via first class and certified mail on October 30, 2020. *Id.* at ¶ 19; Dkt. 1-1 at ECF pages 29-41 ("Notices").  If Ahmed and Alam failed to cure the arrears, plaintiff may declare the outstanding principal balance due under the Note, along with the accrued interest.  *See* Compl. ¶ 19.  Plaintiff also issued a 90-Day Notice in accordance with RPAPL § 1304 to Ahmed and Alam via first class and certified mail on October 30, 2020, and "within three business days of mailing said notice to Borrower" the Notice was filed with the

3

New York State Superintendent of Financial Services in accordance with RPAPL § 1306(2). *See* Dkt. 1-1 (Notices) at ECF pages 29-41; Dkt. 1-1 at ECF pages 39-41 ("Proof of Filing"); Compl. ¶¶ 19-20.

On March 23, 2022, plaintiff commenced this action alleging, *inter alia*, that Ahmed and Alam have failed to make payments in accordance with the terms of the Mortgage, Note, and Loan Modification Agreement since March 1, 2020. *See* Compl. ¶ 18. Plaintiff also named as defendants the City defendants, alleging that they hold liens or interests on the Property that are subordinate to plaintiff's Mortgage. *Id*. at ¶¶ 5-9.

Ahmed and Alam were both served on March 31, 2022; PVB and ECB were both served on March 31, 2022; TAB was served on March 30, 2022; and the Criminal Court was served on April 5, 2022. *See* Dkts. 9-14. To date, defendants have not appeared in this action. On May 2, 2022, the Clerk of the Court entered a Certificate of Default as to all defendants after they failed to respond to the Complaint. *See* Dkt. 16.

On May 4, 2022, plaintiff filed its motion for default judgment. *See* Dkt. 17. Plaintiff seeks to recover $558,492.02 for the outstanding amount due under the Mortgage and Note, which includes the following: (1) total principal unpaid balance of $515,000; and (2) past due interest of $43,492.02 from February 1, 2020, through May 3, 2022. *See* Affidavit of Amounts Due to Plaintiff, Dkt. 17-6 at ¶¶ 5-8 ("Devico Aff."); Compl. ¶ 22 (interest up to February 28, 2022).

Plaintiff further requests the appointment of a Referee to effectuate the sale and disbursement of funds from such sale. *See* [Proposed] Judgment of Foreclosure and Sale, Dkt. 17-3. On May 4, 2022, the Honorable Frederic Block referred the instant motion to the undersigned. *See* Order Referring Motion dated May 4, 2022. On May 17, 2022, this Court

scheduled a hearing on the motion for default judgment for June 17, 2022. *See* Scheduling Order dated May 17, 2022, Dkt. 18. Despite receiving notice of the hearing, defendants failed to appear. *See* Minute Entry dated June 17, 2022; Aff. of Serv. dated May 17, 2022, Dkt. 19.

## Discussion

### A.     Standing

Since plaintiff is not an original party to the Note, this Court will first address whether plaintiff has standing to bring this foreclosure action. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."). "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id*. (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *Id*. (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it is in possession of the Note and has been assigned the Mortgage since March 15, 2022. *See* Compl. ¶¶ 15, 17; Assignments, Dkt. 1-1 at ECF pages 23-27. Plaintiff has provided copies of the Note and

5

Mortgage as well as a series of assignments that resulted in the assignment to plaintiff. *See* Note, Dkt. 1-1 at ECF pages 13-21; Loan Modification Agreement, Dkt. 1-1 at ECF pages 61-66; Assignments, Dkt 1-1 at ECF pages 23-27. Since plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when it commenced this action on March 23, 2022, this Court finds that plaintiff has standing to pursue this action. *See JXB 84 LLC v. Khalil*, No. 15-CV-6251, 2017 WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

### B. Pre-Foreclosure Procedures

Section 1304(1) of the RPAPL requires that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). Section 1304(2) specifies that this notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id*. § 1304(2). As the Second Circuit has recognized:

> Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition. Compliance with RPAPL § 1304 can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.

*CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (internal citations and quotation marks omitted). The court must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion, *see, e.g., Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d

6

707, 710 (W.D.N.Y. 2018), because failure to comply with RPAPL § 1304 is a sufficient basis to deny foreclosure relief.  *See CIT Bank, N.A. v. Donnatin*, No. 17-CV-2167, 2020 WL 248996, at *3-*4 (E.D.N.Y. Jan. 16, 2020); *accord Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York . . . have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304.  Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (internal quotations and citations omitted)).

In addition, RPAPL § 1306 requires that plaintiff file certain information with the superintendent of financial services.  Section 1306(1) mandates, as a precondition to a foreclosure action, that a plaintiff file "the information required by [§ 1306(2)]" within three business days of mailing a § 1304 notice.  *See* RPAPL § 1306(1).  Section 1306(2), in turn, requires that "[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue."  *Id*. § 1306(2).

Plaintiff has submitted the ninety-day pre-foreclosure notice, which was mailed to Ahmed and Alam on October 30, 2020, via first class and certified mail at both the Property and their last known address.  *See* Notices, Dkt. 1-1, at ECF pages 29-41.  Copies of those mailings and certified mailing receipts are attached to the affidavit of mailing.  *Id*.  On October 30, 2020, Land/Home Financial Services, Inc. electronically filed notice with the Superintendent of

7

Financial Services, as required by RPAPL § 1306(2); proof of that filing is attached to plaintiff's Complaint. Proof of Filing Statement, Dkt. 1-1, at ECF pages 39-40. This Court finds that plaintiff has demonstrated compliance with the RPAPL's pre-foreclosure requirements.

### C. Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," a plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2). When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Laboratories, Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." (internal quotation marks omitted)).

#### 1. Defendants Ahmed and Alam

Under New York law, a plaintiff seeking to foreclose on a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 805 N.Y.S.2d 86 (2d Dep't 2005)), *report and recommendation adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015). Once the plaintiff submits the mortgage, the unpaid note, and

evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See United States v. Watts*, No. 13-CV-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), *report and recommendation adopted*, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, the allegations in the Complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to a default judgment against Ahmed and Alam. Plaintiff has produced copies of the Note, Mortgage, Loan Modification Agreement, and assignment history, thereby establishing the Borrowers' obligations arising thereunder. *See* Compl. ¶¶ 12-15, 17, 19; Dkt. 1-1 at ECF pages 13-21 (Note); *id.* at ECF pages 23-27 (Assignments); *id.* at ECF pages 61-66 (Loan Modification Agreement). Plaintiff also has established that Ahmed and Alam defaulted on March 1, 2020, failed to cure the default despite plaintiff's proper demands, and as of February 28, 2022, owed plaintiff $555,567.04 for the unpaid principal balance due, plus interest. *See* Compl. ¶¶ 18, 22. Plaintiff properly served the Summons and Complaint on Ahmed and Alam. *See* Dkts. 9-10. Because Ahmed and Alam have not answered the Complaint or otherwise opposed the instant motion, they have failed to rebut plaintiff's *prima facie* showing that it is entitled to default judgment.

Accordingly, this Court respectfully recommends **granting** plaintiff's motion for default judgment as to Ahmed and Alam, holding them liable for the damages as set forth below.

### 2. The City defendants

Section 1311 of the RPAPL mandates that the necessary parties to a mortgage foreclosure

action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)). Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," *i.e.*, that any judgments or liens a defendant may have against the property are subject and subordinate to plaintiff's lien. *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014).

Under New York Law, however, where a city agency is named as a defendant, heightened pleading requirements apply where the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a(1). Where a lien exists by virtue of a judgment, the complaint must provide "the name of the court, date recorded, clerk's office in which filed, the names if the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment." *Id.* § 202-a(2). Conclusory allegations that an entity is the holder of a lien encumbering the property, which is subject and subordinate to the plaintiff's mortgage, are insufficient. *See Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017) (citations omitted).

Here, plaintiff named the following lienholders in the Complaint: the Criminal Court of the City of New York, PVB, ECB and TAB. *See generally* Compl. The Complaint alleges that the City defendants hold liens, interests or judgments against the Borrowers or the Property that are subordinate to plaintiff's Mortgage. Compl. ¶¶ 5-9. The plaintiff purports to seek default judgment against all City defendants, and the Court notes that the Certificate of Default was entered against all defendants. *See* Dkt. 16.

Although plaintiff's motion for default seeks to extinguish the rights of all defendants to the Property, plaintiff fails to brief the default judgment it seeks to obtain against the City defendants, focusing solely on the mortgage foreclosure. *See generally* Pl.'s Mem. Further, plaintiff fails to allege with proper specificity what interest the City defendants have encumbering the Property. Plaintiff attaches to its motion, lien information relating to the City defendants. However, plaintiff fails to specify with any particularity which of the liens relate to the at-issue Property or these Borrowers. The Court notes that a number of the liens identified in the document attached to plaintiff's complaint and motion (Dkt. 1-1 at ECF pages 43-59) do not relate to the at-issue Property, nor relate to these Borrowers.

Given plaintiff's failure to brief default judgment against the City defendants and plead with proper specificity, this Court respectfully recommends that plaintiff's motion for a default judgment be **denied** without prejudice as to the City defendants. This Court views the recommendation as warranted and fair in light of the circumstances, and stresses that plaintiff's rights with respect to Ahmed and Alam and the City defendants will not be impacted by such a denial. Rather, a denial as to the City defendants will simply ensure that the foreclosure and sale will not extinguish the City defendants' interest in the Property. *See Gustavia*, 2017 WL 4404434, at *4 ("denying plaintiff's motion for default judgments against the ECB and PVB will

11

not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'") (quoting *Glass v. Estate of Gold*, 853 N.Y.S.2d 159, 160 (2d Dep't 2008)), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017).

### D. Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, a court must ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Joe Hand Promotions, Inc. v. Levin*, No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment" (alterations in original) (internal quotation marks omitted)); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits and documentary evidence as the basis for determining damages to be awarded in a default judgment).

Plaintiff has submitted in support of its motion the affidavit of Yonel Devico, a member of Miami Home, LLC. *See* Dkt. 17-6 (Affidavit of Amounts Due to Plaintiff) at ¶ 1. The affidavit details the amounts due under the Mortgage and Note. *Id*. at ¶¶ 5-8. Plaintiff seeks a

total of $558,492.02 in damages, which includes an unpaid principal balance of $515,000 and interest through May 3, 2022 in the amount of $43,492.02. *Id*. Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting plaintiff to foreclose upon and sell the Property at auction. *See* [Proposed] Judgment of Foreclosure and Sale, Dkt. 17-3. Defendants have not submitted any opposition.

Accordingly, and for the reasons set forth below, this Court concludes that a hearing on the issue of damages is unwarranted and respectfully recommends awarding plaintiff relief as discussed below.

### 1. Outstanding Amount Due Under the Note

Plaintiff seeks a total of $558,492.02 for the outstanding amount due under the Note, Mortgage and as modified by the Loan Modification Agreement. This sum includes an unpaid principal balance of $515,000, and interest in the amount of $43,492.02 from February 1, 2020 through May 3, 2022. *See* Devico Aff. (Dkt. 17-6) at ¶¶ 5, 6, 8; Compl. ¶ 22 (interest up to February 28, 2022).

#### a. Principal

Pursuant to the terms of the Note, Mortgage, and as modified by the Loan Modification Agreement, Ahmed and Alam promised to pay plaintiff's predecessor-in-interest a total of $515,000 in principal. *See* Dkt. 1-1 (Loan Modification Agreement) at ECF pages 61-66. Plaintiff submitted documentation asserting that, at the time of the Borrowers' default on March 1, 2020, the Note had an unpaid principal balance of $515,000. *Id.*; Compl. ¶ 14. Plaintiff's allegations and documentation further establish that after the Borrowers' initial default, they did not make any further payments to reduce the outstanding principal balance. *See* Compl. ¶ 18; Devico Aff. at ¶ 5 (Affidavit of Amounts Due to Plaintiff).

Accordingly, this Court respectfully recommends awarding plaintiff **$515,000** in unpaid principal.

### b. Interest

The Loan Modification Agreement provides that the interest rate on the outstanding principal balance at the time of default was, and continues to be, 3.75 percent. *See* Devico Aff. (Dkt. 17-6) at ¶ 7; Dkt. 1-1 (Loan Modification Agreement) at ECF pages 62-63. Plaintiff alleges that the Borrowers' first missed payment occurred on March 1, 2020. *See* Compl. ¶ 18.

Plaintiff calculated the interest owed between February 1, 2020 and May 3, 2022 by first multiplying 3.75 percent (the interest rate on the loan) and $515,000 (the principal balance) and dividing that result by 365 to calculate the interest accrued per day. *See* Devico Aff. at ¶ 7. The calculated per-day interest totaled $52.91. Since plaintiff identified the date of default as March 1, 2020 and given that interest is "paid in arrears," plaintiff calculated interest from the period February 1, 2020 through May 3, 2022 (the day before plaintiff filed its motion for default judgment), which totaled 822 days. Plaintiff then multiplied 822 days by the per day rate of $52.91 and determined that the past due interest totaled $43,492.02. *See* Devico Aff. at ¶ 7. Accordingly, this Court respectfully recommends awarding plaintiff interest in the amount of **$43,492.02** through May 3, 2022.

This Court further respectfully recommends awarding plaintiff $52.91 in per diem interest until the date on which judgment is entered. *See U.S. Bank Nat'l Assoc. v. McHugh*, No. 18-CV-0710, 2021 WL 2192992, at *6 (E.D.N.Y. Jan. 7, 2021) (recommending award of per diem interest in action for judgment of foreclosure and sale); *E. Sav. Bank, FSB v. McLaughlin*, No. 13-CV-1108, 2015 WL 5657355, at *5 (E.D.N.Y. Aug. 17, 2015) (same).

This Court also respectfully recommends awarding post-judgment interest, to be

calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. Northern Funding*, LLC, No. 08-CV-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### 2. Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff seeks a judgment of foreclosure and sale, and appointment of a referee. Dkt. 17-3. Specifically, plaintiff requests the appointment of Susan Ellen Rizos, Esq., as a referee to conduct the sale under the conditions outlined in the proposed Judgment of Foreclosure and Sale. *See* [Proposed] Judgment of Foreclosure and Sale, Dkt. 17-3.

A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); *see also OneWest Bank N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., Cole*, 2015 WL 4429014, at *5 (awarding a judgment of foreclosure and sale under the supervision of specific referee requested by plaintiff); *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL

1515643, at *1, *4 (E.D.N.Y. Apr. 18, 2014).

Having determined that plaintiff has established its presumptive right to foreclose upon the Property due to Borrowers' default, this Court respectfully recommends the appointment of Susan Ellen Rizos as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 17-3). *See CIT Bank, N.A. v. Seeram*, No. 16-CV-2608, 2017 WL 8220204, at *3 (E.D.N.Y. Feb. 15, 2017) (recommending same), *report and recommendation adopted*, 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018).

## Conclusion

For the foregoing reasons, this Court respectfully recommends **denying** plaintiff's motion for default judgment against the City defendants without prejudice. This Court respectfully recommends **granting** plaintiff's motion against defendant Ahmed and Alam, and further recommends entry of a final judgment awarding damages as follows:

(1)      **$515,000** in unpaid principal; and

(2)      **$43,492.02** in interest, accrued at a rate of 3.75 percent, from February 1, 2020 through May 3, 2022, additional interest of $52.91 per day until entry of judgment, and post-judgment interest at the statutory rate.

This Court further recommends the appointment of Susan Ellen Rizos, Esq., as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of Foreclosure and Sale (Dkt. 17-3).

A copy of this Report and Recommendation is being electronically served on plaintiff's counsel. The Clerk of the Court is respectfully requested to mail copies of this report and recommendation to Defendants as follows:

Salma Ahmed
33-52 59th Street
Woodside, New York 11377

Shah Ahmed
33-52 59th Street
Woodside, New York 11377

Criminal Court of the City of New York
125-01 Queens Blvd.
Queens, New York 11415

Criminal Court of the City of New York
125-01 Queens Blvd.
Kew Gardens, New York 11417

Criminal Court of the City of New York
100 Centre Street
New York, New York 10013

City of New York Department of Transportation Parking Violations Bureau
100 Church Street, First Floor
New York, New York 10007

City of New York Department of Transportation Parking Violations Bureau
55 Water Street, 9th Floor
New York, New York 10041

City of New York Environmental Control Board
1250 Broadway, 7th Floor
New York, New York 10001

City of New York Environmental Control Board
66 John Street, 10th Floor
New York, New York 10038

City of New York Environmental Control Board
31-00 47 Avenue
Long Island City, New York 11101

City of New York Environmental Control Board
100 Church Street, First Floor
New York, New York 10007

Transit Adjudication Bureau
29 Gallatin Place
Brooklyn, New York 11201

Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

Any objections to the recommendations made in this Report must be filed with the Honorable Frederic Block within 14 days after the filing of this Report and Recommendation and, in any event, on or before **February 22, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
February 8, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge
