UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIAMI HOME, LLC,

              Plaintiff,

-against-

SALMA AHMED, SHAH ALAM, CRIMINAL COURT OF THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and TRANSIT ADJUDICATION BUREAU,

              Defendants.

**MEMORANDUM AND ORDER**

Case No. 22-CV-1607 (FB) (JRC)

---

*Appearances:*
*For the Plaintiff*:
ALAN H. WEINREB
Margolin, Weinreb & Nierer, LLP
165 Eileen Way , Suite 101
Syosset, NY 11791

**BLOCK, Senior District Judge:**

      Miami Home, LLC ("Plaintiff") filed this diversity foreclosure action against Defendants seeking damages and a judgment of foreclosure and sale on a mortgage encumbering 33-52 59th Street, Woodside, New York 11377 in Queens County ("The Property"). Upon Plaintiff's application and in light of Defendants'

1

failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendants' default on May 2, 2022. Plaintiff then moved for default.

On February 8, 2023, Magistrate Judge James R. Cho issued a Report and Recommendation ("R&R") recommending that Plaintiffs' motion for a default judgment be granted as to Defendant-Borrowers Salma Ahmed ("Ahmed") and Shah Alam ("Alam") and denied as to the City Defendants, which include the Criminal Court of the City of New York, City of New York Department of Transportation Parking Violations Bureau, City of New York Environmental Control Board, and Transit Adjudication Bureau. Magistrate Judge Cho found that all service and procedural requirements had been satisfied and that the allegations set forth in Plaintiffs' Complaint stated valid claims sufficient for this Court to enter a default judgment.

Accordingly, Magistrate Cho recommended awarding Plaintiffs the following damages from Ahmed and Alam: $515,000 in unpaid principal, and $43,492.02 in interest, accrued at a rate of 3.75 percent, from February 1, 2020 through May 3, 2022, additional interest of $52.91 per day until entry of judgment, and post-judgment interest at the statutory rate. Magistrate Cho further recommended the appointment of Susan Ellen Rizos, Esq., as referee to conduct the sale of the Property under the terms set forth in the proposed Judgment of

Foreclosure and Sale. Finally, Magistrate Cho recommended denying Plaintiff's motion for a default judgment against City Defendants with prejudice.

Magistrate Cho's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal, precluding further review either by this Court or the Court of Appeals. No objections were filed. If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the Magistrate Judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
February 23, 2022