UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIAMI HOME, LLC,

               Plaintiff,

  -against-

SALMA AHMED, SHAH ALAM,
CRIMINAL COURT OF THE CITY
OF NEW YORK, CITY OF NEW
YORK DEPARTMENT OF
TRANSPORTATION PARKING
VIOLATIONS BUREAU, CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, and TRANSIT
ADJUDICATION BUREAU,

               Defendants.

**MEMORANDUM AND ORDER**

Case No. 22-CV-1607 (FB) (JRC)

*Appearances:*
*For the Plaintiff*:
ALAN H. WEINREB
Margolin, Weinreb & Nierer, LLP
165 Eileen Way, Suite 101
Syosset, NY 11791

*For the Defendants*:
SALMA AHMED, *pro se*
SHAH ALAM, *pro se*
33-52 59th Street
Woodside, NY 11377

**BLOCK, Senior District Judge:**

      The plaintiff in this diversity action, Miami Home, LLC ("Miami Home"), obtained a default judgment foreclosing a mortgage on residential property in Woodside, Queens. The property is scheduled to be sold at auction on Thursday,

1

August 24, 2023. Six days before the sale, the homeowners, Salma Ahmed and Shah Alam, sent a letter requesting that the Court either set aside the Judgment of Foreclosure and Sale pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, grant them the opportunity to prepare a more formal motion and appear at a conference with the Court.

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," which include "excusable neglect" or "any other reason that justifies relief." As the Second Circuit has stated, "In the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: '(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.'" *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983)).

Before the Court evaluates Ahmed's and Alam's Rule 60(b) request under these three criteria, it notes that they have represented that their financial situation has improved, enabling them to work out an arrangement with Miami Home to remit amounts past due and make payments going forward. As courts in this circuit have recognized in the context of home foreclosure, New York "places a very high premium on keeping homeowners in their homes and rehabilitating

mortgage lending relationships." *Gustavia Home, LLC v. Bijoux*, No. 16 CV 4029 (SJ)(RML), 2021 WL 5834286, at *2 (E.D.N.Y. Dec. 9, 2021) (quoting *E. Sav. Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017)). Accordingly, the Court encourages the parties to work out an agreement before the scheduled auction and, to that end, the Court is scheduling a telephone conference at 4:00 pm. on Wednesday, August 23, 2023, for Miami Home to inform the Court as to whether an accommodation is possible.

    **SO ORDERED.**

                                                                   /S/ Frederic Block
                                                                    FREDERIC BLOCK
                                                                    Senior United States District Judge

Brooklyn, New York
August 22, 2023