

# MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.    ALAN WEINREB, ESQ.    CYNTHIA A. NIERER, ESQ.

September 27, 2024

**VIA ECF**
Judge Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

RE: Miami Home v. Ahmed, Civil Action No: 22-CV-01607

Dear Judge Block:

     This office represents the plaintiff Miami Home in a residential foreclosure proceeding. We write at the request of Susan Rizos, Esq., the court-appointed referee and on behalf of the Plaintiff. On February 23, 2023, your Honor executed a So Ordered Judgment of Foreclosure and Sale (Docket No. 24).

     Pursuant to said judgment, the property was put up for auction on August 24, 2023, and Miah Ashik bid on the Property. Ashik's bid was accepted by the referee as the highest bid, and he immediately executed the Memorandum of Sale binding him to the Terms of Sale in the amount $601,002.00. *See* Exhibit A.

     Miah Ashik subsequently issued guaranteed funds to the referee in the amount of $75,000.00 representing the required Down Payment.

     On September 6, 2023, a Thirty (30) Day Time Is Of The Essence Letter was prepared with a closing date of September 25, 2023 and provided to the attorney for the Successful Bidder via email and regular mail. *See* Exhibit B.

     On September 11, 2023, title was provided to Plaintiff's Counsel and cleared. On September 18, 2023, the Successful Bidder's counsel was contacted via email to confirm a closing on September 25, 2023. She advised that September 25, 2023 was Yom Kippur and she would not be available. On September 20, 2023, the closing documents were provided to the referee and a closing statement to Successful Bidder's counsel calling for a September 26, 2023 closing. Successful Bidder's counsel was again not available on September 26, 2023. On September 22, 2023, the Successful Bidder's attorney was advised that bid interest up to and including the closing date will now be charged and that a default would be issued if a closing did not occur on or before Thursday, September 28, 2023.

On Wednesday September 27, 2023, Plaintiff's counsel was advised that the Successful Bidder was in a car accident and currently hospitalized. A default letter was issued. *See* Exhibit C.

Successful Bidder's counsel then requested thirty (30) additional days to close. On September 29, 2023, Plaintiff's counsel countered this request with an offer for an extension of time to close for fifteen (15) days if the Down Payment was released to the Plaintiff immediately. No response was received, and on October 2, 2023 the Referee was advised of the default. On October 3, 2023, the Referee communicated with Plaintiff's counsel requesting that the extension of time be given. Plaintiff agreed on the condition that the deposit was released immediately to them should the Successful Bidder not close by the agreed upon thirty (30) day extension date.

On October 7, 2023, the attorney for the Successful Bidder agreed to the terms of the thirty-day extension of time to close with the Down Payment being released immediately to the Plaintiff should her client not close on time.

Since October 7, 2023, the deposit was and has been in the Referee's account without any correspondence being received, or any demand being made for the release of the funds. On August 24, 2024, the property was again put up for sale, and the Plaintiff was the successful purchaser.

In light of the above, the referee and Plaintiff hereby request that the court grant the Referee permission to release the funds she is holding to the Plaintiff as set out in the terms of sale at paragraph "TWELFTH" thereof, which permits the release of the deposit to the Plaintiff upon default of the successful bidder.

We thank the Court for its review of our request.

> Respectfully,
>
> */s/ Alan H. Weinreb*
> Alan Weinreb, Esq.

Enclosures